873 F.2d 1452
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Fred R. HAZLETT, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 88-3477.
 United States Court of Appeals, Federal Circuit.
 April 24, 1989.
 
 Before FRIEDMAN, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and BISSELL, Circuit Judge.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board), which dismissed the petitioner Fred R. Hazlett's appeal No. SF34438610457 for lack of jurisdiction, is reversed, and the case is remanded to the Board for consideration of the merits.
 
 OPINION
 
 2
 * In the spring of 1984, the Defense Logistics Agency sought to replace Jack Baldwin, Chief of the Los Angeles Contract Termination Settlement Division of the Defense Contract Administration, who was soon to retire. Concerned that the heavy workload or scarcity of potential personnel might lead to difficulty in filling the post (a GM-14 position), the agency decided to create an "understudy" position at the GM-13 level "for the sole purpose of attracting and retaining a qualified replacement for Mr. Baldwin." Hazlett v. Defense Logistics Agency, Initial Determination at 2 (July 1, 1986, Merit Systems Protection Board). The position would be cancelled automatically upon the retirement of Mr. Baldwin, whom the occupant would succeed.
 
 
 3
 After a lengthy selection process, Mr. Hazlett was offered the specially created position. Mr. Hazlett, then a GM-13 in Missouri, was reluctant to transfer at the same grade from the Midwest to more expensive California. After "the Agency assured him of receiving the GM-14," however, he reported for duty on September 22, 1985.
 
 
 4
 In early February 1986, Mr. Simmons, Director of Contract Management and Mr. Baldwin's superior, met with Mr. Baldwin and Mr. Hazlett to discuss the impending February 21 retirement of Mr. Baldwin. At that meeting, Mr. Simmons told Mr. Hazlett immediately to begin the duties of chief, since Mr. Baldwin would be taking accumulated leave. Shortly after this meeting, on February 6, Mr. Swiatek, Mr. Simmons' deputy, signed a form SF-52, which authorized the appointment of Mr. Hazlett to the GM-14 post effective February 23, 1986, the Sunday following Mr. Baldwin's retirement date. On the same day, Mr. Swiatek also signed the job description for the chief's position, which showed that Mr. Hazlett occupied the position; Mr. Hazlett received a copy of this document shortly after February 14, 1986.
 
 
 5
 On February 24, 1986, Mr. Hazlett began signing documents as the chief.
 
 
 6
 On February 19, 20, or 21, however, Mr. Simmons had telephoned Ms. Bell, the Personnel Staffing Specialist whose responsibility was to "document" properly personnel changes from the SF-52's. Mr. Simmons asked for the return of the SF-52. Upon being questioned, Mr. Simmons stated that "he had changed his mind." The SF-52 was placed in the return interoffice mail on either February 21 or 24.
 
 
 7
 The returned SF-52 was next found by Mr. Hazlett himself, in his own in-box, on March 5, 1986. Mr. Hazlett then called Mr. Simmons, whereupon he first discovered the attempted revocation of his appointment.
 
 
 8
 Mr. Hazlett appealed to the Board, contending that the agency's revocation of his promotion to grade GM-14 constituted a reduction in grade. The administrative judge dismissed the appeal for lack of jurisdiction, and the Board affirmed. The Board held that "because the agency revoked the appellant's promotion before it became effective, the administrative judge correctly dismissed the appellant's appeal for lack of appellate jurisdiction." Hazlett v. Department of Defense, 88 FMSR 5293 (Aug. 29, 1988, Merit Systems Protection Board).
 
 II
 
 9
 Federal appointment occurs "when the last act to be done by the [appointing authority] was performed." Marbury v. Madison, 5 U.S. 137, 156 (1803). Mr. Hazlett's appointment was completed when Mr. Simmons' deputy signed the form SF-52 and Mr. Hazlett entered on duty as chief on February 24.
 
 
 10
 There is no question that an appointing official may revoke an appointment before it becomes effective. We hold, however, that Mr. Simmons' purported revocation of Mr. Hazlett's appointment by his telephone call to Ms. Bell did not constitute an effective revocation of the appointment that Mr. Simmons had effectively completed on February 6 when his deputy signed the form SF-52.
 
 
 11
 The date of the purported revocation by the telephone call to Ms. Bell is uncertain, since it took place on February 19, 20, or 21. Equally uncertain is the date on which Ms. Bell placed the SF-52 in the return interoffice mail; that took place either on February 21 or February 24. The SF-52 apparently was not returned to Mr. Simmons but instead turned up two weeks later on Mr. Hazlett's desk. This was the first notice Mr. Hazlett had of the alleged revocation. No attempt was made to notify Mr. Hazlett before the effective date of his appointment of its alleged revocation.
 
 
 12
 Considering all the circumstances, including the assurances given to Mr. Hazlett before he moved to California that he would be appointed to the position, Mr. Simmons' instruction to Mr. Hazlett in early February that he should immediately begin to act as the chief, and the copy of the position description showing Mr. Hazlett as the chief that Mr. Hazlett received shortly after February 14, we hold that Mr. Simmons' telephone call to Ms. Bell, asking her to return the form SF-52 because "he had changed his mind," was not an effective revocation of the appointment that Mr. Simmons made when his deputy executed the form SF-52 on February 6, 1986.
 
 
 13
 When Mr. Hazlett entered on duty as chief on February 24, 1986, where he continued to serve for at least two weeks, he became the incumbent of the chief's position at the grade GM-14. Accordingly, he was entitled to appeal to the Board his alleged reduction in grade to GM-13.
 
 
 14
 Costs to the petitioner.